UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS)
__ DIVISION

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Sadie Pearl Brown** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| Case number: | |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# CHAPTER 13 PLAN

## Part 1:  Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local- forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre- confirmation adequate protection payments shall be paid in accordance with Local Rule 3070- 1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. *Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, below, to state whether or not the plan includes provisions related to each item listed. If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2:  Plan Payments and Length of Plan

**2.1** The Debtor(s) shall make regular payments to the Trustee as follows:

$ __1,166.00__  per  __Month__  for  __60__  months

*(Insert additional line(s), if needed.)*

**2.2** Additional payments. (*Check one.*)

Debtor **Sadie Pearl Brown**                                      Case number _____

☑ **None.** (*If "None" is checked, the rest of this section need not be completed.*)
☐ **The Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.** (*Insert additional rows, if needed.*)

2.3  **The total amount of estimated payments to the Trustee is $  69,960.00  .**

2.4  **Adjustments to the Payment Schedule/Base Plan** (*Check one*).

☐ None.

☑ **Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

2.5  **Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**
The Applicable Commitment Period of the Debtor(s) is **36** months, and the projected disposable income of the Debtor(s), as referenced in 11 U.S.C. § 1325(b)(1)(B), is $  **0.00**   per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimates to be paid to holders of non- priority unsecured claims. In this case, this amount is $  **18,446.00**

## Part 3:  Treatment of Secured Claims

3.1  **Lien Retention.**
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
   (a) payment of the underlying debt determined under nonbankruptcy law, or
   (b) discharge of the Debtor(s) under 11 U.S.C. § 1328.

3.2  **Maintenance of Payments and Cure of Default (if any)** (*Check one.*)
☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
☑ The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any arrearage listed for a claim below will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if appliable) |
|---|---|---|---|---|
| **Chatham County Tax Administrator** | **1421 Goldston Carbonton Road Goldston, NC 27252  Chatham County** | $0.00<br>To be disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $707.85 | 0.00% |
| **Lee County Tax Collector** | **197 West Forest Oaks Drive Sanford, NC 27330  Lee County** | $0.00<br>To be disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $1,418.16 | 0.00% |

*Insert additional claims as needed.*

☐ **Other.** (*Check all that apply, and explain.*) The Debtor(s):
   **(a)** ☐  do intend to seek a mortgage modification with respect to the following loan(s) listed above:
   _____

   **(b)** ☑  do not intend to seek mortgage modification with respect to the following loan(s) listed above;

Debtor **Sadie Pearl Brown** Case number

**(c)** ☐ intend to: ____

**3.3 Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one)*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Claims Excluded from 11 U.S.C. § 506(a).** *(check one)*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

The claims listed below:
(1) were incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s) ("910 Claims);
(2) were incurred within 1 year of the petition date and are secured by a purchase money security interest in any other thing of value ("1- Year Claims"), or
(3) are debts the Debtor(s) otherwise propose to pay in full ("Other Claims").

These claims will be paid in full by the Trustee, with interest at the rate stated below. Unless otherwise ordered by the Court, the amount of the creditor's claim listed on its proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary claim amount listed below. In the absence of a timely filed proof of claim, the claim amount stated below is controlling. Secured creditors entitled to pre- confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070- 1(c).

| Creditor Name | Collateral (if any) | Amount of Claim | Interest Rate | *Basis* (910 Claim/ 1-Year/ Other Claim) |
|---|---|---|---|---|
| Bayview Loan Servicing | 197 West Forest Oaks Drive Sanford, NC 27330  Lee County | $22,240.29 | 7.25% | Other Claim |
| Servicing Corporation | 1421 Goldston Carbonton Road Goldston, NC 27252  Chatham County | $9,924.65 | 7.25% | Other Claim |

*Insert additional claims as needed.*

**3.5 Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.**
*(Check one)*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Surrender of Collateral.** *(Check one.)*
☑ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

**Part 4:  Treatment of Fees and Priority Claims**

**4.1 General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions,** the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2 Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be __**6.50**__% of amounts disbursed by the Trustee under the plan and are estimated to total $__**4,547.40**__ .

**4.3 Debtor's Attorney's Fees.** *(Check one, below, as appropriate.)*
☑ Debtor(s)' attorney has agreed to accept as a base fee  $__**4,950.00**__, of which $__**200.00**__ was paid prior to filing. The Debtor(s)' attorney requests that the balance of $__**4,750.00**__ be paid through the plan.

☐ The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $____, of which $____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $____ be paid through the plan.

**4.4 Domestic Support Obligations ("DSO's").** *(Check all that apply.)*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**
☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

Debtor    **Sadie Pearl Brown**                              Case number

## Part 5: Unsecured Non- priority Claims

**5.1** General Treatment. After confirmation of a plan, holders of allowed, non- priority unsecured claims that are not specially classified in § 5.2 below, will receive a pro rata distribution with other holders of allowed, non- priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5).  Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2** **Co- Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*
   [✓] **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are to be treated as specified.  All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court.  *(Check one.)*
   [✓] **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

## Part 7: Miscellaneous Provisions

**7.1** **Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
   [ ] plan confirmation.
   [✓] discharge
   [ ] other: _____

**7.2** **Possession and Use of Property of the Bankruptcy Estate:** Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor(s), property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor(s), and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor(s). The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. Â§ 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**7.3** **Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

**7.4** **Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

## Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions.**

   [ ] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

   ***The remainder of this Part 8 will be effective only if there is a check in the box "Included" in Part 1, § 1.3, of this plan, above.***

Debtor    **Sadie Pearl Brown**                                    Case number

*Under Bankruptcy Rule 3015(c), nonstandard plan provisions <u>must</u> be set forth below. A nonstandard provision is a provision not otherwise included in this E.D.N.C. Local Form or deviating from it. **Nonstandard provisions set out elsewhere in this plan are <u>ineffective</u>.*** **The following are the nonstandard provisions of this plan:**

> **Pre-petition arrearage:** Unless otherwise ordered by the Court, the amount of pre-petition arrearage set forth on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) shall control over any contrary amount listed in section 3.2 of this plan.
>
> **Claim Objection Pending:** Confirmation of the plan shall be without prejudice to the right of the Trustee and/or Debtor(s) to object to any claims. Any claims for which an objection is pending may not receive distributions from the Trustee until resolution of such objection. If the resolution of such objection alters the liquidation analysis, the necessary term of the plan, or the amount necessary for the monthly plan to be feasible, the Debtor(s), the Trustee, or the holder of an allowed unsecured claim shall not be precluded from seeking a modification of the plan pursuant to 11 U.S.C. §1329, as if such resolution of the claim objection had been obtained prior to confirmation.
>
> **Irregular Income:** For purposes of 11 U.S.C. §1329, regular changes in the income of the Debtor(s), receipt of commissions, tax refunds and/or bonuses, or commencement of new employment shall not be considered anticipated. This is, however, without admission of whether or not such amounts or changes are substantial or otherwise reasonably necessary for the Debtor(s).
>
> **Consent Order Language:** If any allowed claims that are filed after confirmation alters the amount necessary for the monthly plan to be feasible, modification of the plan to increase the Chapter 13 plan payments to accommodate payment of such claim, can be accomplished by Consent Order as long as no creditors are adversely affected.
>
> **Cram-Down 2nd Liens:** If a creditor provided for as secured in Section 3.3 files an unsecured claim, the claim shall be treated as an unsecured claim and the lien shall be deemed satisfied and extinguished upon discharge pursuant to Fed. R. Bank. P. 5009(d).
>
> **Non-Purchase Money Security Interests:** Valid Non-Purchase Money Security Interests in household goods and/or tools of trade not specifically provided for in Section 3.3, but for which a secured claim is filed will be valued at $300.00 each as if set forth and included in Section 3.3.
>
> **Claims Filed As Unsecured:** Any claim filed as unsecured shall be treated as such regardless of contrary treatment or classification in the plan. Such shall be without prejudice to the Debtor(s) subsequently objecting to the treatment of such claim as unsecured.

**Due to the liquidation analysis, the Debtor(s) plan provides to pay up to $[Amount of EAE] at the Treasury Constant Maturities interest rate as of the date of filing the petition, to priority and general unsecured claims. The Debtor(s) anticipates that, in addition to paying all priority claims in full (other than assigned DSO claims as indicated elsewhere), general unsecured claims will be paid in full. If the plan payment, as confirmed, is subsequently insufficient to pay priority and general unsecured claims as required by the liquidation analysis, confirmation of the plan will be without prejudice to the Debtor(s), the Trustee or the holder of an allowed unsecured claim, seeking a modification to the plan. If the filing of other claims alter the liquidation analysis, confirmation of the plan will also be without prejudice to the Debtor(s), the Trustee or the holder of an allowed unsecured claim, seeking a modification to the plan.**

> **Valid Non-Purchase Money Security Interests in household goods and/or tools of trade will be valued at at $300 each as if set forth and included in Section 3.3. All references to payment amounts in this document represent average estimated payments, subject to the filing of a valid Proof of Claim, possible objections thereto, and the Chapter 13 Trustee's customary distribution process.**

*Insert lines, as needed.*

<u>*No additional plan provisions may follow this line or precede Part 9: Signature(s), which follows.*</u>

**Part 9:    Signatures**

Debtor   **Sadie Pearl Brown**                    Case number _____

**9.1   Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.

X   **/s/ Sadie Pearl Brown**                     X   _____
    **Sadie Pearl Brown**                             Signature of Debtor 2
    Signature of Debtor 1

    Executed on   **December 20, 2019**               Executed on   _____

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

X   **/s/ Jason Watson for LOJTO**               Date   **December 20, 2019**
    **Jason Watson  for LOJTO32986**                           MM/DD/YYYY
    Signature of Attorney for Debtor(s)

If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.